# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | No. 05 CR 650 |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| JEROME MURRAY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Jerome Murray, Julius Statham, Oluwadamilola Are, Kenard McCollum, Antwan Daniels, Bertell McKenzie and seventeen others were indicted on a variety of drug charges. The case is before the Court for resolution of these defendants' pre-trial motions.

### Jerome Murray

Murray's first motion is for an order requiring the government to turn over all evidence that is favorable to him. The government says that it has given, and will continue to give, Murray any such evidence that it has. Therefore, Murray's motion is stricken as moot.

In his second motion, Murray seeks an order requiring the government to disclose at least four weeks before trial any evidence that may lead to the impeachment of its witnesses. The government acknowledges its obligation to tender such evidence, but wants to do so only two weeks before trial. The Court finds Murray's timetable to be reasonable. Thus, the Court grants the motion.

Murray also seeks an order requiring the government to disclose the identity of any informants and cooperating witnesses. The government has a qualified privilege to withhold the identities of informants, but "the privilege must give way" if "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957). Murray says he needs information about cooperating witnesses ("CWs") 1-4 and individual A, who provided information for the affidavit supporting the complaint, because:

> [b]ased on information provided in the affidavit . . . [,] Murray has reason to believe that the cooperating individuals did not have first-hand knowledge of Mr. Murray and that identifying information is necessary to challenge their reliability as a basis for obtaining the Title III order to intercept Mr. Murray's telephone calls and for the subsequent complaint and indictment in this case.

(Mot. Discover Informant Information at 1.)

But, as the Supreme Court pointed out in a subsequent case, *Roviaro* was decided in the context of "an actual trial of a federal criminal case," and did not establish a "a federal evidentiary rule of compulsory disclosure where the issue is the preliminary one of probable cause, and guilt or innocence is not at stake." *McCray v. Illinois*, 386 U.S. 300, 310-11 (1967); *see United States v. McDonald*, 723 F.2d 1288, 1297 (7th Cir. 1983) (stating that there is no "constitutional [or] federal evidentiary rule that a defendant, in attacking the existence of probable cause for an arrest or search has a right to learn the identity of an informant." (quotation omitted)). Thus, Murray's stated reason for seeking informant information, to support a motion to suppress, is not one sanctioned by *Roviaro*.

Murray does not assert that information about the informants is essential, or even helpful, to his defense, and the record establishes that it is not. The affidavit supporting the complaint shows that the CWs are current or former gang members who gave the government general information

2

about Murray's role in the Four Corner Hustlers gang, *see* Compl., Cooper Aff. ¶¶ 23-26, information that was later corroborated by cooperating-defendant Whalum, phone taps, surveillance, and seizures. The informants did not participate in the crimes with which Murray is charged; they simply instigated the government's investigation. Given the CWs' marginal role, *Roviaro* does not compel disclosure of their identities. *See United States v. Valles*, 41 F.3d 355, 358-59 (7th Cir. 1994) (holding that *Roviaro* did not compel disclosure of identity of informant who introduced government agent to defendant and attended a meeting between the parties because he was peripheral to drug transaction with which defendant was charged). Murray's motions for disclosure of informant information are denied.

Murray also asks the Court to order the government to hold a hearing on the admissibility of co-conspirator statements or, in the alternative, to provide him with its *Santiago* proffer four weeks before trial. The government has no objection to giving Murray the *Santiago* proffer before trial but objects to doing so any more than two weeks before trial. As noted above, the Court finds four weeks to be a reasonable time frame. Therefore, the motion is granted, and the government is ordered to tender its *Santiago* proffer at least four weeks before trial.

Finally, Murray seeks an order permitting the early return of trial subpoenas. This motion, to which the government does not object, is also granted.

### Julius Statham

Statham's first request is for a bill of particulars. He is entitled to a bill of particulars only if the indictment does not provide sufficient information to enable him to prepare for trial, and the

3

information he requires cannot be obtained some other way. *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991).

The indictment charges Statham with conspiracy to possess and distribute drugs, (Count One), distribution of 998 grams of mixtures containing cocaine (Count Five), being a felon in possession of a firearm (Count Ten), and using a communication facility to facilitate the commission of a drug felony (Counts Twelve & Thirteen). The indictment alleges that between 2002 and July 19, 2005, Statham, his co-defendants and others conspired to possess with the intent to distribute cocaine, crack cocaine, heroin and marijuana. (Indictment at 1-2.) It also alleges that Statham supplied wholesale quantities of cocaine to Murray and carried a firearm for protection as part of the conspiracy. (*Id.* at 3-4.) The indictment further alleges that Statham: (1) knowingly and intentionally distributed 998 grams of mixtures containing cocaine in Chicago on January 31, 2005 (*id.* at 8); (2) was a felon in possession of a Glock 9mm, model 19 firearm bearing serial number FVX407, on July 19, 2005 in Richton Park, Illinois (*id.* at 13); and (3) knowingly and intentionally used a telephone on January 25, 2005 at 3:59 p.m. and on January 31, 2005 at 2:47 p.m. in Chicago to further the conspiracy (*id.* at 15-16). Those allegations sufficiently apprise Statham of the charges leveled against him. His motion for a bill of particulars is, therefore, denied.[1]

---

[1] Even if the indictment did not contain sufficient information, the government's "open-file" discovery policy in this case would obviate the need for a bill of particulars. *See Canino*, 949 F.2d at 949 (stating that "the 'open-file' policy is an adequate . . . form of information retrieval, making the bill of particulars unnecessary"); (Gov't's Resp. Pre-trial Mots. McKenzie, Murray, Are, Statham & Daniels, Ex. A, Letter to Defense Counsel from Egan of 10/21/05 at 1-2 (stating that "[a]ll original documents and tangible objects within the possession, custody or control of the government are available for your inspection" and "[a]ll of the non work product files and materials in the government's possession relating to these cases are open and available for your review at any time").

Statham also seeks an order requiring the government to turn over all evidence favorable to him. The government says that it has given, and will continue to give, Statham any such evidence that it has. Thus, this motion is stricken as moot.

The Court also strikes Statham's motion to adopt the motions of his co-defendants. If Statham wishes to adopt one or more of his co-defendants' motions, he must specifically identify the motions he wishes to adopt and the reasons he contends those motions should be granted with respect to him.

Statham also asks the Court to hold a hearing on the admissibility of co-conspirator statements or, in the alternative, order the government to provide him with its *Santiago* proffer four weeks before trial. For the reasons discussed above, this motion is granted.

Next, Statham asks the Court to suppress any evidence obtained during the July 19, 2005 search of his home, which he says was conducted without consent. "A defendant who seeks to suppress evidence bears the burden of making a *prima facie* showing of illegality" by presenting "definite, specific, detailed, and nonconjectural" facts that justify relief. *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992) (quotation omitted). Statham has not made the requisite showing. Though he contends that neither he nor Caroline Wade Glover, the co-owner of the house, consented to the search, he has not submitted his own affidavit or one from Glover to support that contention. Absent such evidence, the Court has no basis to hold a suppression hearing, much less issue a suppression order. Statham's motion to suppress is denied without prejudice.

Statham's last request is that the Court order the government to disclose informant information. As noted above, Statham is entitled to such information only if it "is relevant and helpful to [his] defense, or is essential to a fair determination of [the] cause." *Roviaro*, 353 U.S. at

60-61. Statham has not explained why he needs informant information. His motion is, therefore, denied without prejudice.

### Oluwadamilola Are

In his first two motions, Are seeks an order compelling the government to disclose evidence that may lead to the impeachment of its witnesses and any promises of immunity or leniency it has given to any witness. The motions are granted, and the government is ordered to give Are such evidence four weeks before trial.

Are's last motion is for an order pursuant to Federal Rule of Criminal Procedure 12 compelling the government to tell him immediately if it intends to use evidence of other bad acts in its case-in-chief, in rebuttal or for impeachment pursuant to Federal Rules of Evidence 404(b) and 608(b). The government has agreed to give Are notice of Rule 404(b) evidence but contends that he is not entitled to notification of any bad act evidence it intends to use in rebuttal or for impeachment.

The Court agrees. Federal Rule Criminal Procedure ("Rule")12 entitles Are to "notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that [he] may be entitled to discover under Rule 16." FED. R. CRIM. P. 12(b)(4). Rule 16 entitles Are to discover documents and objects "the government intends to use . . . in its case-in-chief at trial." *Id.* 16(a)(1)(E)(ii). Neither Rule entitles Are to notification of bad acts evidence that the government intends to use in rebuttal or for impeachment. *See United States v. Hartmann*, 958 F.2d 774, 789 n.5 (7th Cir. 1992) (stating that "defendants are not entitled access to Rule 608(b) materials which are not discoverable under Fed. R. Crim. P. 16"). Thus, Are's motion is granted as to bad acts evidence the government

6

intends to use in its case-in-chief, which the government is ordered to provide four weeks before trial, and denied as to bad acts evidence it intends to use for rebuttal or impeachment.

## Kenard McCollum

McCollum's first motion is for an order requiring the government to turn over all evidence that is favorable to him. The government says that it has given, and will continue to give, McCollum any such evidence that it has. Therefore, this motion is stricken as moot.

McCollum also asks the Court to suppress any statements he made after his arrest. McCollum says his statements were involuntary because he could not read the *Miranda* waiver form and he was ill during questioning. He has not, however, submitted an affidavit attesting to those facts which, in any event, do not establish that he was not otherwise advised of his *Miranda* rights or that his illness was severe enough to render his statements involuntary. Because McCollum has not offered the "definite, specific, detailed, and nonconjectural" facts that are required to support a suppression motion, *Randle*, 966 F.2d at 1212 (quotation omitted), the motion is denied without prejudice.

Next, McCollum asks the Court to order the government to disclose Rule 404(b) evidence by October 2006. As discussed above, the motion is granted to the extent it seeks production of Rule 404(b) evidence that the government plans to introduce in its case-in-chief, which the government must produce four weeks before trial, but it is otherwise denied.

Lastly, McCollum seeks disclosure of informant information. He says he needs the information because, given the lack of inculpatory wiretap evidence, the indictment had to be based largely on informant information.

7

The Court disagrees. The indictment charges McCollum with conspiracy (Count One) and using a telephone to further a drug crime (Counts Eighteen & Nineteen). It alleges that McCollum supplied Murray with heroin and used a telephone at 3:42 p.m. on January 5, 2005 and 11:32 a.m. on January 6, 2005 to do so. (Indictment at 3, 21-22.) The affidavit supporting the complaint shows that these charges are based directly on wiretap evidence. (*See* Compl., Cooper Aff. ¶¶ 49-55.) McCollum has not, therefore, demonstrated that informant information "is relevant and helpful to [his] defense, or is essential to a fair determination of [the] cause." *Roviaro*, 353 U.S. at 60-61. His motion is denied.

### Antwan Daniels

Daniels' first motion is for a bill of particulars. As noted above, Daniels is entitled to such a bill only if the indictment does not provide enough information to allow him to prepare for trial and the information he seeks cannot be obtained some other way. *Canino*, 949 F.2d at 949. The indictment charges Daniels with conspiracy to possess and distribute drugs (Count One), possession with intent to distribute 58 grams of mixtures containing heroin (Count Three), being a felon in possession of a firearm (Count Eleven), and using a telephone to further the drug conspiracy (Counts Sixteen & Seventeen). The indictment alleges that Daniels was a member of the Four Corner Hustlers gang who bought wholesale quantities of drugs from Murray and distributed them to his own customers. (Indictment at 3.) It also alleges that Daniels: (1) who was a convicted felon, possessed an AKS semi-automatic rifle, model 762 bearing serial number CW 13580, on July 19, 2005 in Country Club Hills, Illinois (*id.* at 3-4, 14); (2) possessed with the intent to distribute 58 grams of mixtures containing heroin on January 26, 2005 in Chicago, Illinois (*id.* at 6); and (3) used

8

a telephone to further the drug conspiracy on January 26, 2005 at 3:43 p.m. and at 5:19 p.m. in Chicago (*id.* at 19-20). Those allegations are sufficient to apprise Daniels of the charges against him. His motion for a bill of particulars is, therefore, denied.[2]

Daniels has also submitted: (1) a "motion for discovery," which requests production or disclosure of twenty categories of materials, including Rule 404(b) evidence, *Brady* material, *Giglio* material and impeachment evidence; and (2) a motion for production of *Brady* materials. As discussed above, Daniels is only entitled to, and the government has agreed to produce, evidence discoverable under Rules 12 and 16. Thus, to the extent Daniels' motions seek discoverable evidence that has not already been produced, they are granted and the government is ordered to provide the information at least four weeks before trial. To the extent they seek impeachment or any other evidence not discoverable under the Rules, they are denied.[3]

Daniels also asks the Court to order the government to give its *Santiago* proffer "within several days." As discussed above, four weeks before trial is a more reasonable time frame. Daniels' motion is, therefore, granted in part and denied in part.[4]

---

[2]*See* n.1.

[3]The last request in Daniels' motion is that "the prosecution be ordered to compel any informants whom the Government intends to keep the identity of a secret, of the presence of the defendant if the informant, in fact, exists." Because the Court is unable to decipher this request, it is denied.

[4]Daniels has also filed three motions to suppress statements and evidence, which are scheduled for a hearing on July 19, 2006.

## Bertell McKenzie

McKenzie's first motion is to compel the government to produce a variety of discovery, including *Brady*, *Giglio* and Jencks Act material, four weeks before trial. For the reasons stated above, the motion is granted.

McKenzie also moves for production of Rule 404(b) material and a *Santiago* proffer four weeks before trial. For the reasons stated above, the motions are granted.

Finally, McKenzie makes an unopposed motion for early return of trial subpoenas, which is also granted.[5]

## Conclusion

For the reasons set forth above:

(1) Murray's (a) motion for an order requiring disclosure of favorable evidence [doc. no. 207] is stricken as moot; (b) motion for disclosure of evidence that may lead to impeachment of government witnesses [doc. no. 208] is granted, and the government is ordered to produce such information at least four weeks before trial; (c) motions for disclosure of informant information [doc. nos. 209 & 260] are denied; (d) motion for a *Santiago* hearing or proffer [doc. no. 210] is granted, and the government is ordered to produce the proffer at least four weeks before trial; and (e) unopposed motion for early return of trial subpoenas [doc. no. 211] is granted;

(2) Statham's (a) motion for a bill of particulars [doc. no. 176] is denied; (b) motion for disclosure of favorable evidence [doc. no. 177] is stricken as moot; (c) motion to suppress [doc. no. 178] is denied without prejudice; (d) motion for disclosure of informant identities [doc. no. 179] is denied; (e) motion to adopt the motions of his co-defendants [doc. no. 225] is denied; (f) motion for a *Santiago* hearing or proffer [doc. no. 226] is granted, and the government is ordered to provide the proffer at least four weeks before trial;

(3) Are's (a) motions for an order compelling the government to disclose evidence that may lead to the impeachment of its witnesses and any promises of immunity or leniency it has given to any witness [doc. nos. 212 & 213] are granted, and the government is ordered to produce such evidence

---

[5]McKenzie has also filed a motion for severance and a speedy trial, but that motion is not yet fully briefed.

four weeks before trial; (b) motion for an order compelling the government to give immediate notice of its intention to use evidence of other bad acts in its case-in-chief, in rebuttal or for impeachment [doc. no. 215] is granted in part, as to bad acts evidence the government intends to use in its case-in-chief, which the government is ordered to provide four weeks before trial, and denied in part, as to bad acts evidence it intends to use for rebuttal or impeachment;

(4) McCollum's (a) motion for disclosure of favorable evidence [doc. no. 279] is stricken as moot; (b) motion to suppress [doc. no. 280] is denied without prejudice; (c) motion for early disclosure of Rule 404(b) evidence [doc. no. 281] is granted in part, as to production of evidence the government plans to introduce in its case-in-chief, which the government must produce four weeks before trial, and denied in part, as to bad acts evidence it intends to use for rebuttal or impeachment; (d) motion for disclosure of informant information [doc. no. 282] is denied;

(5) Antwan Daniels' (a) motion for a bill of particulars [doc. no. 202] is denied; (b) motions for discovery and for production of *Brady* materials [doc. nos. 204 & 206] are granted in part, as to discoverable evidence not already produced, which the government is ordered to produce at least four weeks before trial, and denied in part, as to impeachment or any other evidence not discoverable under the Rules; (c) motion for a *Santiago* proffer [doc. no. 205] is granted in part and denied in part, and the government is ordered to produce the proffer at least four weeks before trial;

(6) Bertell McKenzie's (a) motion to compel discovery [doc. no. 219] is granted, and the government is ordered to produce the requested material at least four weeks before trial; (b) motions for Rule 404(b) materials and a *Santiago* proffer [doc. nos. 220 & 221] are granted, and the government is ordered to produce those material at least four weeks before trial; and (c) unopposed motion for early return of trial subpoenas [doc. no. 222] is granted.

**SO ORDERED.**  ENTERED: 7/11/06

HON. RONALD A. GUZMAN
United States District Judge

11